IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40707
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CANTU-CANTU,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No.  1:95-CV-826
- - - - - - - - - - -
August 24, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Cantu-Cantu, federal prisoner # 02892-078, appeals the district court's denial of his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  As an initial matter, Cantu-Cantu was not required to obtain a certificate of appealability ("COA") to proceed with his appeal because his § 2255 motion was filed in September 1995, prior to the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See Lindh v. Murphy, 117 S. Ct. 2059, 2067-68 (1997); United States v. Carter, 117 F.3d 262, 264 (5th Cir. 1997).

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cantu-Cantu's brief renews only his argument that counsel was ineffective for failing to inform him of a plea offer made by the Government; he has waived the remaining arguments raised in his § 2255 motion by failing to brief them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments must be briefed to be preserved for appeal); Fed. R. App. P. 28(a).

Because Cantu-Cantu did not file specific, written objections to the magistrate judge's report recommending that his motion be denied, review is for plain error. Douglass v. United Servs. Auto. Assn., 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). Although he contends that counsel failed to communicate a plea offer, Cantu-Cantu's brief and "declaration," the latter of which is contained in Cantu-Cantu's record excerpts, establish that he was informed of a plea offer but rejected it on counsel's advice that he would be successful if he proceeded to trial. Thus, the true nature of Cantu-Cantu's claim is that counsel was ineffective in advising him to proceed to trial. He essentially argues that counsel's strategic choice was unsuccessful, which is insufficient to establish deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992).

Because Cantu-Cantu failed to demonstrate counsel performed deficiently in advising him to proceed to trial, his ineffective-assistance claim fails. Strickland, 466 U.S. at 697. Consequently, the district court did not plainly err in denying Cantu-Cantu's § 2255 motion, and its judgment is affirmed. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992)(this

court may affirm on any alternative ground apparent from the record).

AFFIRMED.